*Formatted for Electronic Distribution*                                                                                                    *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
September 9, 2011

_____

In re:
    **David Roy Orcutt and**
    **Hollie Jean Stevens,**                                                                          Chapter 13 Case
           Debtors                                                                                      # 11-10553
_____

**David Roy Orcutt and**
**Hollie Jean Stevens,**
        Plaintiffs,
      v.                                                                                                          Adversary Proceeding
                                                                                                   # 11-1013

**GMAC Mortgage, LLC,**
        Defendant.
_____

*Appearances*:  Michelle M. Kainen, Esq.                                         *James B. Anderson, Esq.*
                        *White River Junction, VT*                                *Rutland, VT*
                        *Attorney for Plaintiffs*                                      *Attorney for Defendant*

**MEMORANDUM of DECISION
DENYING DEFENDANT'S MOTION TO DISMISS**

David R. Orcutt and Hollie J. Stevens (the "Debtors") filed a complaint (doc. # 1) to initiate this adversary proceeding on June 10, 2011. On July 17, 2011, the Debtors filed their amended complaint (doc. # 4). The parties briefly addressed the issues giving rise to the adversary proceeding at the confirmation hearing held in the Debtors' main case (# 11-10553) on July 19, 2011. On July 21, 2011, GMAC Mortgage, LLC ("GMAC") filed a motion to dismiss the adversary proceeding (doc. # 5) (the "Motion"). The Debtors responded with an objection to the Motion (doc. # 7), and GMAC filed a supplemental memorandum in support of the Motion (doc. # 9). For the reasons set forth below, the Court denies GMAC's Motion.

**JURISDICTION**

This Court has jurisdiction over this adversary proceeding and GMAC's Motion under 28 U.S.C. §§ 1334 and 157(b)(2)(K), and declares this to be a core proceeding.

## DISCUSSION

The Debtors' amended complaint seeks a declaratory judgment determining the nature, extent and validity of a mortgage pursuant to 11 U.S.C. § 522[1] and 27 V.S.A. §§ 141 and 349 (doc. # 4, ¶¶ 1, 8–24). The Debtors claim the 2007 mortgage granted to GMAC by Ms. Stevens (the "Mortgage") is voidable because it does not include Mr. Orcutt's signature as required by 27 V.S.A. §§ 141 and 349 (doc. # 4, ¶¶ 13–24). GMAC argues that the Debtors do not have standing to pursue their claims in a bankruptcy proceeding as this action is in fact an avoidance action, and may be brought only by the chapter 13 trustee under §§ 544-553 (doc. # 5, ¶ 3–7). The record indicates that the chapter 13 trustee has not joined this action as a co-plaintiff. GMAC further argues that the Debtors do not have standing to pursue this action under §§ 541 and 323 (doc. ## 5, 8).

GMAC's motion to dismiss asserts that the Debtors lack standing to pursue their claim. As to a motion to dismiss attacking standing, "'it is the burden of the party [asserting standing to sue] . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" IMG Fragrance Brands, LLC v. Houbigant, Inc., 759 F.Supp.2d 363, 374 (S.D.N.Y. 2010) (alteration in original) (quoting Thompson v. Cnty. of Franklin, 15 F.3d 245, 249 (2d Cir. 1994)). "When considering a party's standing, the Court 'accept[s] as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" Id. "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Blessing v. Sirius XM Radio, Inc., 756 F.Supp.2d 445, 451 (S.D.N.Y. 2010) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

The precise issue before the Court is whether the Debtors have standing to pursue the cause of action as stated in the amended complaint. The Debtors' amended complaint begins with a statement that they are seeking relief under § 522 and 27 V.S.A. §§ 141 and 349. GMAC asserts that the Debtors' amended complaint is actually a trustee avoidance action in disguise, and its Motion focuses primarily on whether the Debtors have standing to independently assert the trustee's avoiding powers in §§ 544–553 where the trustee is not a co-plaintiff. Guided by the amended complaint, the Court will analyze the Debtors' standing in the context of § 522(h) and 27 V.S.A. §§ 141 and 349. [2]

Section 522(h) of the Bankruptcy Code authorizes a debtor to seek to avoid a transfer of an interest in property if the debtor establishes certain criteria set out in §§ 522(g)(1) and 522(h)(1) and (2):

---

[1] All statutory citations refer to Title 11 U.S. Code (the "Bankruptcy Code") unless otherwise indicated.

[2] Whether a debtor may independently assert the trustee's avoidance powers is not raised here as the Debtors are proceeding under § 522 and, therefore, the Court declines to reach this issue.

    (h)    **The debtor may avoid a transfer of property** of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if —

    (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

    (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h)(1)–(2) (emphasis added). To establish the statutory requisites referred to in § 522(h), a debtor must show that the debtor did not make a voluntary transfer of the property, and the debtor did not conceal the property. See 11 U.S.C. § 522(g)(A)–(B). Thus, under § 522(h), a debtor may exercise avoidance powers if (1) the transfer is avoidable under the relevant trustee avoidance power section; (2) the trustee does not attempt to avoid the transfer; (3) the subject transfer was not a voluntary transfer; (4) the debtor did not conceal the property; and (5) the debtor could have exempted the property had the trustee avoided the transfer. See Miller v. Brotherhood Credit Union (In re Miller), 251 B.R. 770, 771 (Bankr. D. Mass. 2000).

    Based upon the facts and allegations in the record, the Court makes the following findings with respect to these five criteria. The first criterion is satisfied since the Debtors are seeking to avoid the Mortgage based upon 27 V.S.A. §§ 141 and 349 and this relief falls within the scope of trustee avoiding powers set forth in § 544. The second criterion is likewise satisfied since the trustee has not attempted to avoid the Mortgage. The fourth and fifth criteria are also met because there is no allegation that the Debtors concealed the property or that the Debtors could not exempt the property if the trustee avoided the Mortgage.

    The third criterion gets to the heart of this controversy. The Debtors' amended complaint alleges that since only one spouse signed the Mortgage, the Mortgage – as a putative encumbrance on property held by tenants by the entirety – cannot be accurately characterized as a voluntary transfer.[3] GMAC vehemently disputes this and counters that the Mortgage is a "voluntary, consensual lien." (doc. # 5, ¶ 3). The Debtors' ability to demonstrate a right to relief under this component of § 522(h) is inextricably intertwined with the Debtors' standing to have the Court determine whether they may void the Mortgage. See Terry v. Witten & Carter, P.C. (In re Terry), 56 B.R. 538, 541 (Bankr. D. Vt. 1986) (analyzing standing under 522(h) and acknowledging there exists a spectrum of what constitutes a voluntary transfer for purposes of 522(g), and determining that where a transfer was voluntary a debtor does not have standing to pursue a claim under 522(h)). Moreover, the record reveals there are several aspects to this dispute over whether the granting of the Mortgage was a voluntary transfer for purposes of § 522: Is the Mortgage voidable? Or, was it void *ab initio*? Does the fact that the Mortgage was signed by only one

---

[3] Alternatively, the Debtors argue that the Mortgage is not valid or consensual, and is void *ab initio* (doc. # 7, p. 2).

spouse require a determination that it was not a voluntary transfer as to the non-signing spouse? Or must it be declared to be not a voluntary transfer as to both spouses if the Mortgage is not signed by both spouses? The parties have not sufficiently briefed these issues for the Court to make a determination on the voluntariness of the Mortgage at this time.

## CONCLUSION

Construing the amended complaint in favor of the Debtor-Plaintiffs, the Court concludes that the Debtors are entitled to have this Court decide the merits of their claims under § 522(h) and 27 V.S.A. §§ 141 and 349. Therefore, the Court denies GMAC's motion to dismiss.

This memorandum constitutes this Court's findings of fact and conclusions of law.

_____
September 9, 2011                                  Colleen A. Brown
Burlington, Vermont                                United States Bankruptcy Judge

4