*Formatted for Electronic Distribution*                                                                *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
February 24, 2012

_____

**In re:**
    **David Roy Orcutt and,**                                  Chapter 13 case
    **Hollie Jean Stevens,**                                      # 11-10553
            **Debtors.**

_____

**David Roy Orcutt and,**
**Hollie Jean Stevens,**
        **Plaintiffs,**
      v.                                                          Adversary Proceeding
**GMAC Mortgage, LLC,**                            # 11-1013
        **Defendant.**

_____

*Appearances:*        Michelle M. Kainen, Esq.          James B. Anderson, Esq.
                            White River Junction, VT            Rutland, VT
                            *Attorney for Plaintiffs*                *Attorney for Defendant*

**MEMORANDUM OF DECISION**
**GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

      David R. Orcutt and Hollie J. Stevens (the "Plaintiffs") initiated this adversary proceeding by filing a complaint (doc. # 1) on June 10, 2011. On July 17, 2011, the Plaintiffs filed their amended complaint (doc. # 4). GMAC Mortgage, LLC (the "Defendant") filed a motion to dismiss the adversary proceeding (doc. # 5), the Plaintiffs responded (doc. # 7), and the Defendant filed a supplemental memorandum in support (doc. #9). By memorandum and order (doc. ## 10, 11) dated September 9, 2011, the Court denied the Defendant's motion. The Plaintiffs filed a motion for summary judgment on count I of the amended complaint accompanied by a memorandum of law (doc. ## 17, 18). The Defendant filed a timely answer to the amended complaint (doc. # 21), opposition to the Plaintiffs' motion for summary judgment, and a cross-motion for summary judgment on counts I and II of the amended complaint (doc. # 26). The Plaintiffs filed a response to the Defendant's opposition to their motion, and an objection to the cross-motion (doc. # 27). The matter is fully submitted. For the reasons set forth below, the Court grants the Plaintiffs' motion and denies the Defendant's cross-motion.

**JURISDICTION**

      This Court has jurisdiction over this adversary proceeding and the instant motions pursuant to 28 U.S.C. §§ 157 and 1334 and declares it to be a core proceeding pursuant to 157(b)(2)(K).

## UNDISPUTED MATERIAL FACTS

1. The Plaintiffs were married on February 14, 1997, and they remain married to each other. Plaintiffs' Statement of Undisputed Material Facts (doc. # 18-1) ("PSUMF") ¶ 3.

2. The Plaintiffs purchased the property commonly known as 120 Clarksville Rd., Tunbridge, VT (the "Tunbridge Property") by warranty deed dated July 20, 1999, as tenants by the entirety. PSUMF ¶ 1.

3. At the time the Plaintiffs purchased the Tunbridge Property, the Plaintiffs executed a note and mortgage in favor of Katrina B. Clark, dated July 20, 1999, in the amount of $39,000 (the "1999 Mortgage"). Defendant's Statement of Undisputed Material Facts (doc. # 26) ("DSUMF") ¶ 7.

4. On October 10, 2001, the Plaintiffs executed a note and mortgage in favor of Beneficial Finance of New Hampshire in the total amount of $15,000 (the "2001 Mortgage"). DSUMF ¶ 8.

5. In 2004, the Plaintiffs refinanced the 1999 Mortgage note and the 2001 Mortgage note through a new note in favor of GMAC Mortgage Corporation d/b/a ditech.com, and granted a new mortgage to GMAC Mortgage Corporation d/b/a ditech.com (the "2004 1st Mortgage"). DSUMF ¶ 11.

6. The 1999 Mortgage and 2001 Mortgage were discharged as a result of the 2004 refinancing. DSUMF ¶¶ 15–16.

7. In 2004, the Plaintiff borrowed an additional $15,000 from GMAC Mortgage Corporation d/b/a ditech.com, and executed a new note secured by a new mortgage in favor of GMAC Mortgage Corporation d/b/a ditech.com on the Tunbridge Property (the "2004 2nd Mortgage). DSUMF ¶ 13.

8. As of the conclusion of this latter transaction, the Plaintiffs were obligated to GMAC Mortgage Corporation d/b/a ditech.com on two notes, and GMAC Mortgage Corporation d/b/a ditech.com held two mortgages against the Tunbridge Property to secure that indebtedness. DSUMF ¶¶ 11–14.

9. In 2007, Ms. Stevens executed a promissory note (the "2007 Note") and mortgage (the "2007 Mortgage") in the amount of $105,000 in favor of the Defendant. PSUMF ¶ 4.

10. Ms. Stevens used the proceeds of the 2007 Note to pay credit card bills, satisfy the 2004 1st Mortgage note and the 2004 2nd Mortgage note, and pay closing costs; she also received some cash from the refinance. DSUMF ¶ 24.

11. Mr. Orcutt did not join in the execution of the 2007 Note and Mortgage. PSUMF ¶ 5.

12. During all relevant times, the Tunbridge Property has been the Plaintiffs' homestead. PSUMF ¶ 2.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P.

2

7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006). If the nonmoving party does not come forward with specific facts to establish an essential element of that party's claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment. See Celotex Corp., 477 U.S. at 323–25 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case"); see also Tufariello v. Long Island R. Co., 458 F.3d 80, 85 (2d Cir. 2006).

The above standard applies even where the parties file cross-motions for summary judgment, and the Court must consider each motion independently. WorldCom, Inc. v. General Electric Global Asset Management Services (In re WorldCom, Inc.), 339 B.R. 56 (Bankr. S.D.N.Y. 2006) ("Where, as here, a party has filed a cross-motion for summary judgment, the Court must pay particular attention to the parties' respective burdens of proof, persuasion and production. When faced with a cross-motion for summary judgment, the Court must consider the merits of each motion independently of the other."). The Court must examine each motion "on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entertainment, Inc., 249 F.3d 115, 121 (2d Cir. 2001).

**DISCUSSION**

**I.  The Plaintiffs have standing.**

The Plaintiffs' amended complaint begins with the statement, "this is an action to determine the nature, extent and validity of the mortgaged on the [Plaintiffs'] residence, pursuant to 27 V.S.A. § 141, 27

V.S.A. § 349, 11 U.S.C. § 522,[1] and Federal Rule of Bankruptcy Procedure 7001" (doc. # 4, ¶ 1). Despite the reference to § 522 in the opening paragraph, neither count refers to § 522. Rather, the two counts of the amended complaint rely solely upon 27 V.S.A. § 141 and 27 V.S.A. § 349. The Plaintiffs do not explain why the reference to § 522 is included. To rule on the arguments set forth in the memoranda of law the parties filed in connection with the Defendant's motion to dismiss, the Court focused its analysis on the Plaintiffs' standing, in the context of 11 U.S.C. § 522(h). The Court's decision centered on the facts the Plaintiffs must demonstrate to establish standing under § 522(h). However, upon further review of all the pleadings in this case, including the briefs filed in connection with the motions for summary judgment, the Court is now persuaded that the Plaintiffs' reference to § 522 in the opening paragraph of the amended complaint is not determinative of the outcome, and in fact was superfluous. The clear thrust of the Plaintiffs' amended complaint is for a ruling as to the validity of the Defendant's mortgage lien. Having directed its attention to the essential legal issue, the Court turns to the question of standing.

The Court rejects the Defendant's renewed argument that the Plaintiffs lack standing to pursue a determination as to the validity of the Defendant's mortgage lien (the 2007 Mortgage). Under count 1, the Plaintiffs seek a declaratory judgment determining the nature of the Defendant's interest in the Tunbridge Property and challenge the enforceability the 2007 Mortgage under 27 V.S.A. § 141. An action seeking a determination as to the validity, extent, or priority of a lien is specifically identified as a core proceeding in 28 U.S.C. § 157(b)(2)(K). See Lewis v. JPMorgan Chase Bank, N.A. (In re Lewis), 2010 WL 3824181, at *1 (Bankr. N.D. Ill. Sept. 23, 2010) (reviewing a chapter 13 debtor's complaint seeking both a declaratory judgment of her interest in and a § 544 avoidance of a mortgage with an alleged inaccurate description and finding that the debtor had standing to seek a declaratory judgment rather than utilizing § 544 avoidance). "That a bankruptcy court has jurisdiction to hear, and a debtor has standing to seek declaratory relief regarding debtor's property, is a '. . . proposition so obvious and inherent in the bankruptcy system created by federal legislation that it is not surprising that it is difficult to find precedent directly on point.'" Wyatt v. Nowlin (In re Wyatt), 338 B.R. 76, 79 (Bankr. W.D. Mo. 2006) (quoting Kelly v. Brae Asset Fund, L.P. (In re Kelly), 223 B.R. 50, 57 (D. Mass. 1998)). The Plaintiffs have standing to seek a determination as to the validity of the Defendant's mortgage lien as a core proceeding in this Court. To the extent this Court's earlier ruling suggested otherwise, it is hereby overruled.

The Defendant's argument that the Plaintiffs are seeking to utilize the trustee's avoiding powers is inaccurate and a red herring. Rather, in seeking to have the 2007 Mortgage declared void, the Plaintiffs are seeking relief that is more akin to an objection to the Defendant's claim or a determination of the

---

[1] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

Defendant's secured status under § 506, than to a trustee avoidance action. The defendant raised a similar standing issue in the context of an analogous claim in Wyatt, 338 B.R. at 79. There, the bankruptcy court held that the plaintiff had standing to pursue declaratory relief as to the validity of the defendant's lien. In setting forth its rationale, the court in Wyatt observed that the plaintiff was not seeking relief under any of the avoidance statutes as the plaintiff did not allege that the transfer was fraudulent, preferential, an invalid post-petition transfer, an unavoidable statutory lien, or unperfected. Id. Although the Plaintiffs did not cite § 544 in the amended complaint, the Court's decision on the motion to dismiss concluded that if the parties *were* utilizing § 522(h), then the relief would necessarily fall within the scope of § 544. Reviewing the record in this proceeding and the emphatic language of the Plaintiff's motion for summary judgment, the Court is now persuaded first, that the Plaintiffs are not seeking relief under either § 522 or § 544, and second, that it must adjudicate the Plaintiff's claim as one to determine the validity of the 2007 Mortgage. See Lewis, 2010 WL 3824181, at *1. Since the Plaintiffs are seeking a determination regarding the extent and validity of a lien under 28 U.S.C. § 157(b)(2)(K), rather than attempting to utilize the trustee avoidance powers through the operation of § 522, they have standing to proceed.

**II.  The 2007 Mortgage is not a valid lien against the Plaintiffs' homestead.**

The Plaintiffs seek a declaration, under count I of the amended complaint, that the 2007 Mortgage is void based upon 27 V.S.A. § 141. That statute provides:

> (a) A homestead or an interest therein shall not be conveyed by the owner thereof, if married, except by way of mortgage for the purchase money thereof given at the time of such purchase, unless the wife or husband joins in the execution and acknowledgement of such conveyance. A conveyance thereof, or of an interest therein, not so made and acknowledged, shall be inoperative so far only as relates to the homestead provided for in this chapter.

27 V.S.A. § 141(a). Under 27 V.S.A. § 141(a), absent circumstances not present here, unless both a husband and a wife join in the execution and acknowledgement of a conveyance of a homestead interest, such conveyance is inoperative. See Jakab et al v. Cendant Mtge. Corp. (In re Jakab), 293 B.R. 621, 624–25 (Bankr. D. Vt. 2003). Here, the crucial facts are straightforward and undisputed. The Plaintiffs were married at the time Ms. Stevens executed the 2007 Mortgage. Mr. Orcutt did not join in the execution of the 2007 Mortgage. Therefore, applying the rules set forth in this statute to these facts leads categorically to the conclusion that the conveyance is inoperative.

This conclusion is consistent with the Court's Jakab decision. In Jakab, the debtors and the trustee were co-plaintiffs seeking to void a mortgage under 27 VSA § 141 and § 544. Jakab, 293 B.R. at 622. There, the facts were substantially similar to the instant case. It was undisputed that the husband, but not the wife, signed the mortgage which was being challenged. Id. at 623. The Court determined that the mortgage was void pursuant to 27 V.S.A. § 141 and, as a result, did not reach the issue of whether the

5

mortgage was avoidable under § 544. Id. at 626–28. That the Jakab co-plaintiffs pursued claims under both 27 V.S.A. § 141 and § 544 as alternative grounds for relief, and that the Court awarded judgment solely on the basis of 27 V.S.A. § 141, underscores that these are indeed separate and distinct causes of action.

### III. The Plaintiffs fully exempted their interest in their homestead property.

The Defendant asserts that the Plaintiffs are not entitled to judgment because they failed to fully exempt the Tunbridge Property. This argument is without merit. The Plaintiffs' Schedule A lists the Tunbridge Property as jointly held by the parties in a tenancy by entirety, with a value of $110,600.00. The Plaintiffs' Schedule D lists three statutory liens which total $7,496.00. Their Schedule C claims an exemption in this property in the amount of $103,104.00. This claimed homestead exemption of $103,104.00 is the difference between the value of the property and the amount due on the statutory liens. It is legally sufficient and compels the Court to overrule the Defendant's opposition based upon the adequacy of the homestead exemption.

### IV. The Defendant's tracing argument is unavailing.

The Defendant argues that Mr. Orcutt's failure to execute the 2007 Mortgage is irrelevant because the outstanding balance on the 2007 Note may be traced to, and constitutes a refinance of, the original note payable to Katrina Clark.

The Defendant relies upon an 1895 Vermont Supreme Court case that determined the availability of a homestead exemption where the homesteader executed a new note after the acquisition of the property, renewing notes between the same parties given prior to the acquisition of the homestead. See Robinson v. Leach, 31 A. 32, 33 (Vt. 1895). The Vermont Supreme Court opined that "[c]ourts will, if they can, when justice requires it, look behind the evidence of the debt, and consider the debt itself, and decide according to that. This is always done when mortgage notes are renewed. As long as the original debt can be traced, the security remains, no matter how many renewals there have been." Id.

In Robinson, the Vermont Supreme Court analyzed a situation where parties to a note signed what it determined to be a renewal note. Robinson is inapposite to this case for two reasons. First, the focus in Robinson was the enforceability of a note against homestead property, not the validity of a mortgage lien as is before the Court here. Second, a key fact in Robinson was that the note at issue was a renewal note and there are no renewal notes involved in the transactions of the instant case. A renewal note is defined as a "note that continues an obligation that was due under a prior note." Black's Law Dictionary (9th ed. 2009). In 2004, when the Plaintiffs refinanced through GMAC Mortgage Corporation d/b/a ditech.com, they used part of the proceeds to satisfy the note payable to Ms. Clark and obtain a discharge of the 1999 Mortgage given to Ms. Clark, and used part of the proceeds to satisfy the note payable to Beneficial

6

Finance of New Hampshire and obtain a discharge of the 2001 Mortgage given to Beneficial Finance. There is nothing in the record that would support a finding that the 2004 refinancing transaction renewed either the Clark or Beneficial notes. Additionally, the 1999 Mortgage and the 2001 Mortgage were discharged, and a new mortgage given and recorded. The same type of refinancing, payoff, and discharge transactions took place in connection with the 2007 financing. Each time old notes were paid off, new notes were executed, old mortgages were discharged and new mortgages were given and recorded. In sum, each resulted in a new lender-borrower relationship. Accordingly, the Court finds the Defendant's reliance on Robinson to be misplaced and rejects the Defendant's so-called tracing argument.

The Plaintiff suggests that the Defendant, without specifically naming it, is basing it position at least in part on the principle of equitable subrogation. This Court has previously articulated the circumstances in which equitable subrogation arises:

> Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim or fiduciary relationship with the debtor; (2) the party pays to fulfill a legal duty or because of public policy; (3) the paying party is a secondary debtor; (4) the paying party is a surety; or (5) the party pays to protect its own rights or property.

In re Hutchins, 400 B.R. 403, 413 (Bankr. D. Vt. 2009). The Defendant argues that because its 2007 Mortgage loan was made to generate funds to satisfy the two 2004 notes, which in turn had earlier satisfied the note payable to Beneficial and the note payable to Katrina Clark, the Defendant holds rights against the homestead that could be asserted by Ms. Clark, who held the original note secured by the purchase money mortgage, as if her note and mortgage were still in existence. This would only be possible if equitable subrogation applied here and it does not. Equitable subrogation relief is not available when, as here, a creditor voluntarily pays off a debt in connection with a refinancing in reliance upon its own new mortgage deed. See Bosley v. BAC Home Loan Servicing, L.P. (In re Bosley), 446 B.R. 79, 84 (Bankr. D. Vt. 2011). Therefore, to the extent the Defendant seeks to defeat the Plaintiffs' motion for summary judgment by invoking equitable subrogation, its effort fails.

In 2007, in connection with a refinancing transaction, GMAC took a new note and new mortgage signed only by Ms. Stevens. But for the effect of bankruptcy, the note is enforceable against Ms. Stevens. However, the 2007 Mortgage securing that note with a lien against the Plaintiffs' homestead property was inoperative because Mr. Orcutt did not execute it and it purported to encumber entirety property which he owned with his wife. See 12 V.S.A. § 141.

## CONCLUSION

The Plaintiffs have standing to challenge the validity of the 2007 Mortgage. There are no material facts in dispute with respect to the validity of the 2007 Mortgage under 27 V.S.A. § 141. The Plaintiffs

7

are entitled to judgment as a matter of law on count I of their complaint because the 2007 Mortgage is inoperative under the clear mandates of 27 V.S.A. § 141.

Having found that the Plaintiffs are entitled to judgment under count I, the Court need not address the issues the Defendant raised in its cross-motion for summary judgment with respect to count II.

The Court has considered all of the arguments of the parties, and to the extent any argument is not specifically addressed herein it is because the Court finds it to be without merit.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

_____

February 24, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

8