*Formatted for Electronic Distribution*                                                                                                  *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
March 12, 2012

In re:
    **David Roy Orcutt and**                                          Chapter 13 Case
    **Hollie Jean Stevens,**                                              # 11-10553
                      Debtors.

**David Roy Orcutt and**
**Hollie Jean Stevens,**
                    Plaintiffs,
            v.                                                    Adversary Proceeding
**GMAC Mortgage, LLC,**                                     # 11-1013
                    Defendant.

*Appearances:*      *Michelle M. Kainen, Esq.*                  *James B. Anderson, Esq.*
                            *White River Junction, VT*                  *Rutland, VT*
                            *Attorney for the Plaintiffs*                  *Attorney for the Defendant*

**ORDER**
**DENYING MOTION FOR RECONSIDERATION**

        On February 29, 2012, Defendant GMAC Mortgage, LLC filed a motion (doc. # 32) asking this Court to reconsider the memorandum of decision and order it entered on February 24, 2012, granting the Plaintiffs' motion for summary judgment (see doc. ## 28, 29).[1]

        The standard for granting a motion for reconsideration is strict. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. "A 'motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.'" Archibald v. City of Hartford, 274 F.R.D. 371, 382 (D. Conn. 2011) (quoting Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Servs., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996). "A motion to reconsider should not give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised prior on the

---

[1] Under VT. LBR 9023-1/9024-1, any response to the Defendant's motion was due by March 7, 2012. The Plaintiffs did not file a response until March 12, 2012 (doc. # 33), and they filed it without a motion to enlarge time and without any explanation for its tardiness. Therefore, the Court does not consider that filing.

original motion." In re Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Reconsideration of an earlier decision may be justified when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), cert. denied, 506 U.S. 820 (1992) (citation and quotation omitted). "However, 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964), cert. denied, 377 U.S. 934 (1964)). "A motion to reconsider is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." Davey v. Dolan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) (citation and quotation omitted). A motion to reconsider may not be used as "a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich, Ltd., 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) (citations omitted). "Reconsideration of a previous order by the court lies squarely within the court's sound discretion." Id. (citing Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999)).

The Defendant seeks to establish its right to reconsideration by resuscitating and reasserting the legal and public policy arguments it made in prior submissions to the Court. This is insufficient and appears to be an attempt to relitigate issues already decided. The Defendant makes no mention of any change of law or any new evidence. Its statement that the decision contains clear error or would create manifest injustice is unpersuasive. While the Court's decision may strike the Defendant as unjust, the Court's findings and conclusions are supported by the undisputed facts in the record. See 27 V.S.A. § 141(a); see also Jakab v. Cendant Mortg. Corp. (In re Jakab), 293 B.R. 621, 624–25 (Bankr. D. Vt. 2003). In sum, the Defendant has failed to establish the criteria for reconsideration.

The Defendant posits that it is entitled to relief from the summary judgment decision (doc. ## 28, 29) because "the Court erroneously found Plaintiffs have standing to bring a declaratory judgment action to determine the validity of GMAC's mortgage" (doc # 32, p. 1). However, this argument is an issue for appeal, not reconsideration. See Anwar, 745 F. Supp. 2d at 382.

Accordingly, IT IS HEREBY ORDERED that the Defendant's motion for reconsideration is denied.

SO ORDERED.

March 12, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge