*Formatted for Electronic Distribution*



Filed & Entered
On Docket
April 2, 2013

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:
    **David Roy Orcutt and**　　　　　　　　　　　　　Chapter 13 case
    **Hollie Jean Stevens,**　　　　　　　　　　　　　　# 11-10553
        Debtors.
_____

**David Roy Orcutt and**
**Hollie Jean Stevens,**
        Plaintiffs,
    v.　　　　　　　　　　　　　　　　　　　　　　Adversary Proceeding
**GMAC Mortgage, LLC,**　　　　　　　　　　　　　# 11-1013
        Defendant.
_____

*Appearances:*　Michelle M. Kainen, Esq.　　Jan M. Sensenich, Esq.　　James B. Anderson, Esq.
　　　　　　　White River Junction, VT　　Norwich, VT　　　　　　Rutland, VT
　　　　　　　*Attorney for the Plaintiffs*　*Chapter 13 Trustee*　　*Attorney for the Defendant*

### MEMORANDUM OF DECISION
### GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
### AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
### ON REMAND

       On February 24, 2012, this Court entered a memorandum of decision and order granting the Plaintiffs' motion for summary judgment and denying the Defendant's cross-motion for summary judgment (doc. ## 28, 29).[1] On December 14, 2012, the United States District Court for the District of Vermont issued an opinion and order vacating the order and remanding the matter to this Court for further proceedings consistent with its opinion and order (doc. # 49). The Plaintiffs, Defendant, and Chapter 13 Trustee subsequently filed memoranda of law addressing the issues on remand (doc. ## 60, 61, 62, 66, 67, 68). Pursuant to the remand order of the District Court, this decision is entered to articulate and clarify the basis for this Court's constitutional and statutory authority to enter a final judgment in this adversary proceeding.

       For the reasons set forth below, the Court clarifies that the outcome of this adversary proceeding is integral to resolution of other pending matters in the bankruptcy case and therefore is not purely a state law matter; finds that in order to rule on the confirmation of the Plaintiffs' chapter 13 plan, address the

_____
[1] All citations to the docket refer to AP # 11-1013 unless otherwise noted.

Defendant's objection to confirmation, assess the allowance of the Defendant's claim, and adjudicate the Plaintiffs' claim of homestead exemption, it must determine the validity of the Defendant's mortgage; determines that, pursuant to controlling law, the Defendant's mortgage is inoperative; and rules that this determination disposes of all open legal issues pending in this case under the Bankruptcy Code. Therefore, it is consistent with the District Court's remand order to enter a final judgment that grants the Plaintiffs' motion and denies the Defendant's cross-motion at this time.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding and the instant motions pursuant to 28 U.S.C. §§ 157 and 1334, and declares it to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (K), and (L).[2]

## DISCUSSION

The District Court's focus in its remand ruling was on whether this Court had constitutional authority to enter to issue a judgment in the instant adversary proceeding. The District Court found that

> Under *Stern* and *Waldman* as applied to this case, the Bankruptcy Court lacked the constitutional authority to issue a declaratory judgment under Vermont law in order to adjudicate a purely state law claim involving private rights. It, however, possessed the constitutional authority to determine the validity of the 2007 Mortgage as part of the claims allowance process,[4] or as an integral part of another proceeding under the Bankruptcy Code. *See In re Sundale, Ltd.,* 2012 WL 5974125, at *4 (11th Cir. Nov. 29, 2012) (affirming bankruptcy court's declaratory judgment regarding the extent, validity and priority of claims and debtor's recoupment counterclaim because both claims were "necessarily resolved in the process of ruling on a creditor's proof of claim."); *DiVittorio,* 670 F.3d at 282 n.4; *In re Pulaski,* 475 B.R. 681, 683 (W.D. Wis. 2012) (ruling bankruptcy court has jurisdiction to enter a final judgment in debtors' adversary proceeding in which debtors challenged creditor's proof of claim because "[c]learly this is part of the claims process, as the [debtors'] claims will be resolved at exactly the same time that there is a final determination as to whether the creditor is secured or not.").
>
> Although the Bankruptcy Court aptly observed that, "[Debtors] are seeking relief that is more akin to an objection to the Defendant's claim or a determination of Defendant's secured status under § 506[,]" *In re Orcutt,* 2012 WL 627675, at *4, it did not adjudicate the claim on this basis but instead decided the issue purely as a matter of state law. As a result, this court thus cannot affirm the Bankruptcy Court's decision on the basis of claims allowance as the Sixth Circuit did in *Waldman.*

---

[4] Debtors would have standing to object to GMAC's proof of claim. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."); *see also In re Hudson Shipbuilders, Inc.,* 794 F.2d 1051, 1055 (5th Cir. 1986) ("Equally clear is the standing of the debtor and any interested creditor to object to the claim of a secured creditor filed in the bankruptcy proceeding.").

---

[2] In the earlier memorandum of decision, the jurisdiction section focused solely on subsection (K), relating to determinations of the validity, extent, or priority of liens. After consideration of the remand order, and in order to comply with *Stern*, this Court recognizes the need to include subsection (B) and (L), relating to exemptions of property from the estate and confirmation of plans, respectively, as the Court's determination as to the validity of the GMAC mortgage will also dispose of the pending legal issues related to the plan confirmation and exemption allowance.

(doc. # 49, p. 16). The District Court directed this Court to "clarify the statutory and constitutional basis under which it is proceeding and adjudicate the issues raised by the parties consistent with that statutory and constitutional authority" (doc. # 49, p. 19).

**1.   A determination of the validity of the Defendant's mortgage under 27 V.S.A. § 141 is essential and integral to a determination of the Defendant's secured status under 11 U.S.C. § 506(a), resolution of the Defendant's objection to confirmation of the Plaintiffs' Chapter 13 plan under 11 U.S.C. § 1325(a)(3), and resolution of the Defendant's objection to the Plaintiffs' claim of homestead exemption under 11 U.S.C. § 522(b)(1) and 27 V.S.A. § 101.[3]**

The Plaintiffs filed a voluntary Chapter 13 petition and a Chapter 13 plan on June 9, 2011 (ch 13 # 11-10553, doc. ## 1, 2). The Plaintiffs' Chapter 13 plan provided that "Debtors will address invalid mortgage of GMAC through adversary proceeding," and treated the Defendant as a general unsecured creditor rather than as a secured creditor (ch 13 # 11-10553, doc. # 2, p. 3, ¶ 6(d)).[4] On July 15, 2011, the Defendant filed an objection to confirmation of the plan, alleging that the plan made no provision for paying the Defendant's mortgage in violation of Vermont law, and did not comply with § 1325(a)(3) (ch 13 # 11-10553, doc. # 19). On the same date, the Defendant filed an objection to the Plaintiffs' claim of homestead exemption under § 522(b)(1) and 27 V.S.A. § 101 based on the argument that the property is subject to the Defendant's mortgage (ch 13 # 11-10553, doc. # 20).[5]

On July 19, 2011, the Court held a hearing on confirmation of the plan, at which the Defendant argued that the plan did not comply with § 1325(a)(3) because it made no provision for paying the Defendant's claim, and it attempted to claim as exempt an estate asset otherwise available for the payment of unsecured creditors. The Court determined that, based upon the outstanding legal issues, there could be no distribution even if the plan were confirmed at that time, any confirmation order would need to be contingent upon resolution of the outstanding legal issues, and the essential issue to resolve first was the validity of the Defendant's mortgage, which was pending in this adversary proceeding. The Court continued the confirmation hearing to allow litigation to proceed in the adversary proceeding, and directed the parties to file a proposed scheduling order addressing all open issues in the bankruptcy case.

On August 8, 2011, the parties filed a stipulation indicating that the Defendant had filed a motion to dismiss the adversary proceeding, the parties were prepared to file cross-motions for summary judgment in the adversary proceeding, and "[t]he parties agree that a ruling on the Motion to Dismiss

---

[3] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

[4] The Debtors initiated the instant adversary proceeding on June 10, 2011 (doc. # 1).

[5] Under § 522(b)(1), a debtor may choose exemptions either from the list of property set out in § 522(d), or from applicable state and federal non-bankruptcy law, unless the state has opted out of federal exemptions. Here, pursuant to § 522(b)(1), the Plaintiffs claimed the property in question as exempt under the Vermont homestead exemption statute, 27 V.S.A. § 101 (*see* ch 13 # 11-10553, doc. # 1, p. 15).

3

would significantly advance the litigation in this [adversary proceeding], as well as in the main case" (ch 13 # 11-10553, doc. # 33, p. 1). On August 12, 2011, the Court entered a scheduling order finding that "[w]hereas, the legal issues raised in the objection to confirmation, the objection to exemption and the adversary proceeding are related . . . [t]he court will defer ruling on the objection to confirmation and the objection to claim of exemption until the adversary proceeding has been resolved" (ch 13 # 11-10553, doc. # 35).

The record reflects that as of January 13, 2012, the objection to exemption was fully submitted and had been taken under advisement (*see* ch 13 # 11-10553, docket entry dated January 13, 2012). On June 11, 2012, the Court entered its findings and order confirming the Plaintiffs' plan, with a special provision addressing the import of the adversary proceeding:

> Confirmation of the Plan is subject to the outcome of the appeal of the Court's decision in adversary proceeding 11-01013 (David Roy Orcutt et al v. GMAC Mortgage, LLC). In the event that the final decision of that appeal is inconsistent with the terms of the confirmed plan, the debtor shall modify the Plan to make it consistent with the outcome of the above referenced appeal.

(ch 13 # 10553, doc. # 49, p. 5, ¶ 25).[6]

In its opinion and order, the District Court found that this Court possesses the constitutional authority to determine the validity of the Defendant's mortgage as an integral part of the claims allowance process or another proceeding under the Bankruptcy Code. *See* doc. # 49, p. 16 (*citing In re Sundale, Ltd.*, 2012 WL 5974125, at *4; *In re DiVittorio*, 670 F.3d at 282 n.4; *In re Pulaski*, 475 B.R. at 683); *see also Porst v. Deutsch Bank Nat'l Trust Co. (In re Porst)*, 480 B.R. 97, 103 (Bankr. D. Mass 2012) (finding that since a determination of the nature and extent of the creditor's lien was integral to determining the validity of its proof of claim as well as its pending objection to confirmation of the debtor's chapter 13 plan filed in the main case, the adversary proceeding was beyond the narrow scope of *Stern v. Marshall,* 131 S. Ct. 3594 (2011)).

Here, a determination of the validity of the Defendant's mortgage under 27 V.S.A. § 141 is integral to a determination of the Defendant's secured status under § 506(a), and the corollary question of whether the Plaintiffs must treat the Defendant's claim as secured or unsecured in their Chapter 13 plan (*see* ch 13 # 11-10553, doc. # 2). The determination of the validity of this mortgage is also integral to a ruling on the Defendant's objection to confirmation of the Plaintiffs' Chapter 13 plan under § 1325(a)(3), as the Defendant objects to confirmation on the basis that the plan fails to comply with that provision of the Bankruptcy Code because it makes no provision for paying the Defendant's mortgage in violation of Vermont law (*see* ch 13 # 11-10553, doc. # 19). As the Plaintiffs' assert in their response to the

---

[6] The Defendant filed its notice of appeal to the District Court on March 15, 2012 (doc. # 38).

4

Defendant's memorandum, "determination of [the Defendant's] secured status was a necessary prerequisite for this court to make findings that the plan of reorganization of the debtor/creditor relationship complied with 11 U.S.C. § 1325" (doc. # 66, p. 1), and the Plaintiffs are correct in their assertion that "confirmation of the debtors' plan hinges entirely on the outcome of this litigation" (doc. # 61, p. 4).

Additionally, a determination of the validity of the Defendant's mortgage is integral to a ruling on the Defendant's objection to the Plaintiffs' claim of homestead exemption under § 522(b)(1) and 27 V.S.A. § 101, as the Defendant objects to the claim of exemption explicitly because the property is subject to the Defendant's mortgage (*see* ch 13 # 11-10553, doc. # 20). As the Trustee notes in his memorandum, "this Court's ruling on that homestead exemption . . . is a function that is essential to the Bankruptcy Court's function in the administration of bankruptcy cases" (doc. # 60, p. 4).

The Defendant posits in its memorandum that

> [The Plaintiffs] made that same argument to the District Court on appeal claiming the Bankruptcy Court had constitutional authority to avoid the [Defendant's] Mortgage because the Adversary Proceeding "has a direct and decisive impact on whether the Chapter 13 Plan will be confirmed and how much the creditors will be paid" (Doc. 49 at 1–2, 9). The District Court rejected [the Plaintiffs'] argument and held the Bankruptcy Court had no constitutional authority to avoid the [Defendant's] Mortgage solely under Vermont Law. (Doc. 49 at 8, 9, 13, 16 and 19). That ruling is now Law of the Case and binding on the Bankruptcy Court on remand.

(doc. # 62, p. 2). At the hearing held on January 25, 2013, the Defendant argued that the District Court's opinion and order holds that this Court lacks subject matter jurisdiction to sustain its previous ruling (doc. # 54, p. 4:15–22). Although the District Court did find that "the Bankruptcy Court lacked the constitutional authority to issue a declaratory judgment under Vermont law in order to adjudicate a purely state law claim involving private rights," it also found that this Court possessed constitutional authority to determine the validity of the Defendant's mortgage as part of the claims allowance process or as an integral part of another proceeding under the Bankruptcy Code (doc. # 49, p. 16). When directing this Court to "clarify the statutory and constitutional basis under which it is proceeding," the District Court opined that "the Bankruptcy Court may well reach the same conclusions" (doc. # 49, p. 19). When read as a whole, the District Court's opinion and order do not support the Defendant's interpretation and in particular do not preclude this Court from concluding that the Defendant's mortgage is invalid.

This Court is adjudicating the validity of the mortgage – a question of state law – because it is the necessary first step in, and tantamount to, a ruling on: 1) the secured status of Defendant's claim in this case under § 506(a) of the Bankruptcy Code; 2) treatment of the Defendant's claim in the plan and objection to the plan under § 1325 of the Bankruptcy Code; and 3) the Defendant's objection to the Plaintiffs' claim of homestead exemption under § 522(b) of the Bankruptcy Code. The fact that the ruling

5

on the validity of the Defendant's mortgage disposes of the confirmation, claim objection, and exemption allowance issues in the main case is sufficient to satisfy the criteria established by *Stern* and afford this Court constitutional authority to adjudicate the instant adversary proceeding. *See Stern*, 131 S. Ct. at 2620 ("The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim *that is not resolved in the process of ruling on a creditor's proof of claim*") (emphasis added).

## 2. The equitable powers conferred by 11 U.S.C. § 105(a) do not mandate a different outcome from this Court's previous ruling.

The District Court also directed this Court to address on remand the Defendant's arguments regarding the competing equities and the extent to which this Court should exercise its equitable powers in this case:

> Moreover, as GMAC repeatedly points out, by adjudicating the claim as purely a question of state law, the Bankruptcy Court did not consider the competing equities, especially those that pertain to the unsecured creditors.[5]
> . . .
> "The bankruptcy court derives its equitable powers from § 105(a) of the code" and "may exercise its equitable power only as a means to fulfill some specific code provision; it may not use its equitable powers to achieve a result not contemplated by the code." [*In re Murgillo*, 176 B.R. 524, 531 (B.A.P. 9th Cir. 1995)] (citing *Norwest Bank Worthington* v. *Ahlers,* 485 U.S. 197, 206 (1988) (internal footnote omitted) . . ..
> Here, GMAC contends that Debtors will receive a windfall and unjust enrichment at the expense of GMAC and their unsecured creditors if the Bankruptcy Court does not exercise its equitable powers. *See* Doc. 4 at 24 (arguing that Mr. Orcutt signed all mortgages that encumbered his homestead except for the 2007 Mortgage thereby demonstrating a willingness to waive his homestead rights to borrow money, was present at the closing of the 2007 transaction and thus the conveyance did not occur without his implied consent, and received a discharge of 2004 Notes as well as mortgage proceeds for his household from the 2007 transaction which will result in Debtors' unjust enrichment if they are able to escape their liabilities under the 2007 Note and Mortgage); Doc. 4 at 16 ("Under the bankruptcy court's Rule 7001 Analysis, Debtors avoid the 2007 Mortgage, keep their home and pay nothing extra to their unsecured creditors to remain in their home.").
> Because the Bankruptcy Court did not consider the equities in adjudicating Debtors' request for a declaratory judgment, this appeal cannot be resolved simply by directing the Bankruptcy Court to recast its decision . . .. Although the Bankruptcy Court may well reach the same conclusions, that outcome is not certain.

[5] The Bankruptcy Court's determination of GMAC's equitable subordination and tracing claims reflected equitable considerations but this was not the basis on which it decided Debtors' affirmative claim for a declaratory judgment.

(doc. # 49, pp. 17–19).

If this Court were to decide the validity of the mortgage based solely on the equities presented by the facts of this proceeding, the Court might determine that since the Plaintiffs have gotten the benefit of the Defendant's loan, they should not be entitled to absolve themselves of liability on the Defendant's

6

mortgage. However, the Court cannot be swayed by the facts of a particular case when adjudicating a legal issue; it must apply the pertinent statutes and controlling case law. *See In re Mead*, 2013 Bankr. LEXIS 1265, *22–23 (Bankr. D. Vt. Mar. 29, 2013).

As courts of equity, bankruptcy courts have the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). However, that grant of equitable power does not "authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003). Instead, it only allows bankruptcy courts to "exercise equity in carrying out the *provisions* of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing." *Id.* (emphasis in original). The Defendant has not annunciated how an order declaring the Defendant's mortgage to be valid is necessary or appropriate *to carry out a provision of the Bankruptcy Code*. Rather, it argues that this is the right thing to do because such a declaration would generate additional funds for the Defendant and a greater divided for unsecured creditors, and to declare the mortgage inoperative will result in a windfall to, and unjust enrichment of, the Plaintiffs. However, whenever one party loses, it can argue that the prevailing party is being unjustly enriched. That argument is not persuasive. Moreover, to breathe validity into a mortgage that is clearly invalid under state law would be contrary to the longstanding jurisprudence requiring that bankruptcy courts apply state law to value mortgages, *see Butner v. United States*, 440 U.S. 48 (1979), and would deprive the Plaintiffs of their fresh start. In the absence of a clear explanation of how declaring the Defendant's mortgage valid is necessary to carry out a specific section or type of relief authorized under the Bankruptcy Code, this Court must heed the warning not to use §105(a) "as a roving commission to do equity."

The use of § 105(a) is particularly suspect here because the language of 27 V.S.A. § 141 categorically renders the Defendant's mortgage inoperative under the undisputed facts in the record. There are no ambiguities in either the facts or the law that would open the door for this Court to render a decision based upon § 105(a), in reliance upon equitable principles, rather than based upon a straightforward application of the state statute. Because 27 V.S.A. § 141 classifies the Defendant's mortgage as inoperative, the Plaintiffs' treatment of the Defendant's mortgage as an unsecured claim under § 506(a) is proper, the Defendant's objection to confirmation of the Plaintiffs' plan under § 1325(a)(3) must be overruled, and the Defendant's objection to the Plaintiffs' claim of homestead exemption under § 522(b)(1) and 27 V.S.A. § 101 must likewise be overruled. The Court will not enter an order reaching contrary conclusions, under § 105(a), based upon a general sense of fairness. To do so would be to give the Defendant a substantive right not available under applicable law.

Lastly, if this Court were to give any significant weight to the equities in this case, it would need to take into account the fact that the unenforceability of this mortgage is not the result of any act of the Plaintiffs, but rather due exclusively to the Defendant's failure to include Mr. Orcutt as a signatory on the mortgage deed. This factor would offset any arguments of unjust enrichment or windfall to the Plaintiffs.

## CONCLUSION

In order to clarify this Court's previous ruling and more clearly tether the determination of the validity of the Defendant's mortgage to provisions of the Bankruptcy Code, the Court points to the necessary connection between the declaration that the Defendant's mortgage is inoperative under state law and the determination of the bankruptcy issues pending in the Plaintiffs' Chapter 13 case. Under *Stern* and its progeny – and consistent with the District Court's remand order – the relationship between this Court's determination of the mortgage validity and the pending rulings on the Defendant's objection to confirmation under § 1325, allowance of the Defendant's claim under § 506(a), and the propriety of the Plaintiff's homestead exemption under § 522(b)(1) and 27 V.S.A. § 101 confer constitutional and statutory authority upon this Court to enter a final judgment in this adversary proceeding. In fact, in light of the essential nexus between the state law and bankruptcy law issues, the Court will issue an order ruling upon the open bankruptcy issues based upon – and part and parcel of – the determination of the mortgage's validity.

In compliance with the District Court's direction to address the competing equitable arguments, and as described above, the Court finds the Defendant's equity based arguments insufficient to justify a decision that the Defendant's mortgage is valid under the facts of this case and contrary to the clear criteria for validity set forth in the controlling statute.

Accordingly, for the reasons set forth above and in its memorandum of decision and order issued on February 24, 2012 (*see* doc. ## 28, 29), on remand, the Court grants the Plaintiffs' motion for summary judgment and denies the Defendant's cross-motion for summary judgment. The Court will also enter an order adjudicating the open issues in the bankruptcy case, based upon the legal conclusion reached in this adversary proceeding.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

April 2, 2013  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

8